UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY RAY SADLER,

      Plaintiff,

v.                                                                    Case No. 3:14cv475/MCR/CJK

ESCAMBIA COUNTY BOARD OF
COMMISSIONERS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding *pro se*, commenced this action on September 10, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  On December 16, 2014, the court ordered plaintiff to file an amended complaint (or a notice of voluntary dismissal) within thirty (30) days.  (Doc. 11).  Plaintiff was warned that failure to do so would result in a recommendation that this case be dismissed for failure to comply with an order of the court.  (*Id.*).  Plaintiff did not respond to the December 16, 2014 order.

      Accordingly, on January 26, 2015, the court issued an order requiring plaintiff to show cause, within fourteen days, why this case should not be dismissed.  A copy of the show cause order was mailed to plaintiff at his address of record – the Escambia County Jail.  The mail was returned on February 10, 2014, as undeliverable,

marked: "Return to Sender - Attempted - Not Known - Unable to Forward", and stamped: "This inmate has been released from the custody of the Escambia County Jail." To date, plaintiff has not complied with the court's December 16, 2014 order and has not notified the court of his current address.

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court and failure to keep the court informed of his current address.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of February, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).